IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| LIFENG HOU, | : |  |
|     Plaintiff, | : |  |
|  | : | Civil No. 2:19-cv-02136-JMG |
|         v. | : |  |
|  | : |  |
| VOYA INSURANCE AND ANNUITY | : |  |
| COMPANY, *et al.*, | : |  |
|     Defendants. | : |  |

**MEMORANDUM OPINION**

**I.  FACTUAL BACKGROUND**

Defendant Voya Financial, Inc. ("VFI"), a former employer of Plaintiff Hou, moves to compel arbitration pursuant to the Arbitration Agreement signed by Plaintiff on July 13, 2017. Plaintiff brings claims against VFI, Voya Insurance and Annuity Company ("VIAC"), and a VIAC employee for sexual harassment, hostile work environment, and retaliation. See Am. Compl., ECF No. 14. VFI challenges Hou's ability to litigate these claims against it due to the binding Arbitration Agreement. Both VFI and Plaintiff agree there is an Arbitration Agreement, but Hou contends it should not apply because it contrasts a public policy of avoiding separate litigations of the same claim. After reviewing VFI's motion and brief (ECF No. 24), Plaintiff's response (ECF No. 31), Defendant's reply (ECF No. 31), and holding oral argument on the matter on August 6, 2020 (see ECF No. 37), the Court compels this matter between Hou and VFI to arbitration.

**II.  DISCUSSION**

Arbitration agreements are contracts, and the Federal Arbitration Act ("FAA") gives federal courts the ability to enforce arbitration agreements so long as the making of the agreement

is not in issue. 9 U.S.C. § 4; Guidotti v. Legal Helpers Debt Resolution, L.L.C., 716 F.3d 764, 771 (3d Cir. 2013). Arbitration is a contract matter, and "before compelling arbitration pursuant to the [FAA], a court must determine that (1) a valid agreement to arbitrate exists, and (2) the particular dispute falls within the scope of that agreement." Kirleis v. Dickie, McCamey & Chilcote, P.C., 560 F.3d 156, 160 (3d Cir. 2009). The FAA is one of many establishments reflecting "a strong federal policy in favor of the resolution of disputes through arbitration." Alexander v. Anthony Int'l, L.P., 341 F.3d 256, 263 (3d Cir. 2003).

Considering the facts of this case and the well-established favor towards enforcing arbitration agreements, Plaintiff presents a novel argument for supplanting the federal judicial preference for enforcing arbitration. Both parties agree there is a valid arbitration agreement and this employment dispute falls within the Agreement's auspices. Pl.'s Br., 5. Plaintiff, however, argues the Court should not enforce arbitration because it would lead to her litigating the same claim in arbitration against VFI *and* in this Court against the VIAC defendants.

To support her argument, Plaintiff relies on Scott v. LTS Builders, LLC, 1:10-cv-0581, 2011 U.S. Dist. LEXIS 144626 (M.D. Pa. Dec. 15, 2011) and School Dist. of Philadelphia v. Livingston-Rosenwinkel, P.C., 690 A.2d 1321 (Pa. Commw. Ct. 1997). In Scott, one of the dispute's multiple defendants moved to enforce an arbitration agreement between it and the plaintiff. Scott, U.S. Dist. LEXIS 144626 at *12. The court ruled against the movant, subscribing to the Pennsylvania courts' policy of not enforcing arbitration clauses when a plaintiff has claims arising from the same set of facts against multiple defendants. Id. In Livingston-Rosenwinkel, the court refused to enforce an arbitration agreement for the same reason, noting "the enforcement of an arbitration process where […] the underlying dispute includes parties not subject to the

arbitration process, would frustrate rather than foster the objectives of alternative dispute resolution." Livingston-Rosenwinkel, 690 A.2d at 1323.

Neither of these cases sway the Court away from the well-established federal courts' favor of resolving disputes through arbitration. Scott was an unreported diversity action controlled by Pennsylvania law, and Livingston-Rosenwinkel was adjudicated in Pennsylvania Commonwealth Court under the auspices of Pennsylvania law. Neither case mentions the FAA. Here, Hou brings claims arising under federal law to this Court, and this Court subscribes to federal procedural law under the Erie doctrine and federal substantive law under Title VII. Hou does plead a claim under the Pennsylvania Human Relations Act, but it is her Title VII claim that grants her access to this Court. Therefore, it is Federal law, not Pennsylvania law, that applies to this case.

As federal law controls this case, the Court defers to the FAA and its unequivocal language instructing "[t]he court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4. In this case, the Court reviewed both parties' briefs and held oral argument without either party contesting the validity of the making of the agreement. Now, the Court must direct the parties to proceed to arbitration in accordance with the terms of the agreement. Hou and VIAC Defendants will litigate the dispute in this Court, and Hou and VFI will litigate the dispute in arbitration. An appropriate Order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

3